UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEAN HENRY,

    Plaintiff,

v.                                                                         Case No. 8:18-cv-2103-T-CPT

ANDREW M. SAUL,
Commissioner of
Social Security,[1]

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) payments. For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1968, completed the eleventh grade, and has past relevant work as a merchant, meat cutter, utility worker, bedspring assembler, and cutoff machine operator. (R. 477, 491). In September 2011, the Plaintiff applied for

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit.

DIB and SSI, alleging disability as of July 23, 2009, due to injuries to his ribs, neck, lower back, and right shoulder. (R. 89-104). The Social Security Administration (SSA) denied his applications both initially and on reconsideration. (R. 89-128).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on August 14, 2013. (R. 34-88). The Plaintiff was represented by counsel at that hearing and testified on his own behalf. (R. 34-74, 82-83, 86-88). A vocational expert (VE) also testified. (R. 75-86).

On November 22, 2013, the ALJ issued a decision finding that the Plaintiff was not disabled. (R. 18-33). The Plaintiff requested that the Appeals Council review that decision (R. 16-17), and, when the Council agreed with the Commissioner's disability determination (R. 1-6), the Plaintiff sought relief in federal court. On the Commissioner's subsequent motion, the court entered judgment in favor of the Plaintiff and remanded the case to the SSA pursuant to section 405(g) of the Social Security Act (the Act). (R. 534-35).

On remand, the Appeals Council directed the ALJ to resolve several issues with the Commissioner's earlier decision. (R. 555-56). Of relevance here, one of those issues pertained to the ALJ's evaluation of the reports of three of the Plaintiff's physicians: Dr. Lorenzo Bongolan, an orthopedic surgeon; Dr. Samuel Joseph, a neurologist; and Dr. Robert Burchette, a consultative physician. The Appeals Council noted that, although the ALJ discussed these reports, he neglected to state the weight he assigned to the physicians' opinions. (R. 555). The Appeals Council accordingly

instructed the ALJ to give further consideration to these reports in accordance with the governing regulations and to explain the weight afforded to each. (R. 556).

In response to the Appeals Council's remand order, the ALJ conducted a second hearing in August 2017. (R. 486-517). The Plaintiff, again represented by counsel, testified at that hearing, as did a VE. *Id.*

In a decision dated May 2, 2018, the ALJ found that the Plaintiff: (1) had not engaged in substantial gainful activity since his alleged onset date of July 23, 2009; (2) had the severe impairments of scoliosis, cardiac insufficiency, and degenerative disc disease; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform light work subject to certain limitations; and (5) based in part on the VE's testimony, could not engage in his past relevant work but was capable of performing jobs that exist in significant numbers in the national economy. (R. 469-78). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. *Id.*

The Plaintiff elected not to seek the Appeals Council's review of the ALJ's decision. (Doc. 17 at 2). As a result, the ALJ's decision became the final decision of the Commissioner.

II.

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12

months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)).[3] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to engage in past relevant work; and (5) can perform other jobs in the national economy given his RFC, age, education, and work experience. *Id*. (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden,

---

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

the claimant must then prove that he cannot perform the work identified by the Commissioner. *Id.*

Although the claimant bears "the overall burden of demonstrating the existence of a disability," an ALJ has a firmly-established duty to develop a full and fair record of the facts relevant to the claimant's application for benefits. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359-64 (11th Cir. 2018) (citations omitted). This duty stems from the fact that Social Security proceedings are by their nature "inquisitorial, rather than adversarial." *Id.* at 1364 (citations omitted); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). An ALJ has not satisfied his duty to develop the record where the record contains "evidentiary gaps which result in unfairness or clear prejudice." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (internal quotation marks and citation omitted).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. *See* 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *See id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In evaluating whether substantial evidence supports the Commissioner's

5

decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "[W]hile the court accords deference to the Commissioner's factual findings, no such deference is given to [his] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

III.

Although not clear, it appears the Plaintiff argues that the ALJ failed to satisfy his duty to develop the record on three grounds: (1) the ALJ failed to re-contact Drs. Bongolan, Joseph, and Burchette as purportedly required by the SSA's internal rulings and the Appeals Council's remand order; (2) the ALJ did not adequately evaluate the opinions of these three physicians; and (3) the ALJ also neglected to re-contact three other medical providers—namely, Physician's Assistant (PA) Renee Gemmi, Dr. Samer Fadda, and Dr. Martin Underwood. (Doc. 17 at 5-9).

The Commissioner counters that the record was sufficient to allow the ALJ to reach an informed decision regarding the Plaintiff's applications and that, in any event, the Plaintiff fails to show the presence of any evidentiary gaps in the record resulting in unfairness or clear prejudice. *Id*. at 9-18.

Upon a thorough review of the record and the parties' submissions, the Court finds no basis for reversal or remand.

A.

The Plaintiff's first contention that the ALJ was obligated to re-contact Drs. Bongolan, Joseph, and Burchette is based on a misapprehension of the ALJ's responsibilities to develop the record. Contrary to the Plaintiff's suggestion, the governing regulations provide that the ALJ "*may* re-contact [a] medical source" if the ALJ determines the evidence in the record is insufficient or inconsistent. 20 C.F.R. §§ 404.1520b, 416.920b (emphasis supplied).[4] Unlike the prior regulations that *required* an ALJ to recontact medical sources whenever the evidence proved inadequate, *id.* at §§ 404.1512(e), 416.912(e), the revised regulations, which went into effect in March 2012, were intended to afford ALJs greater discretion in deciding how best to resolve any such deficiencies. *How We Collect and Consider Evidence of Disability,* 77 Fed. Reg. 10651 (Feb. 23, 2012), 2011 WL 7404303, at *1 ("We are modifying the requirement to recontact your medical source(s) first when we need to resolve an inconsistency or insufficiency in the evidence he or she provided . . . . By giving adjudicators more flexibility in determining how best to obtain this information, we will be able to make a determination or decision on disability claims more quickly and efficiently in certain situations."); *Sindaco v. Colvin,* 2015 WL 867917, at *4 n.1 (M.D. Fla. Mar. 2, 2015) (noting that the regulations on re-contacting physicians have been revised); *Davis-Augustin v. Colvin*, 2015 WL 5042752, at *11 (N.D. Fla. Aug. 26, 2015) (explaining

---

[4] The regulations further provide that, depending on the circumstances, an ALJ may also request additional existing evidence, ask a claimant to undergo a consultative examination, or ask the claimant himself or others for additional information. *Id.*

that the amended regulations in effect at the time of the ALJ's decision gave the ALJ discretion to re-contact a medical source).

The Plaintiff overlooks these amendments and instead cites to outdated case authority that relies on prior versions of the regulations.[5] Such authority no longer governs this issue and cannot support the Plaintiff's contention that the ALJ was required to re-contact Drs. Bongolan, Joseph, and Burchette.

The Plaintiff's assertion that the Appeals Council's remand order also mandated that the ALJ re-contact Drs. Bongolan, Joseph, and Burchette fares no better. As noted above, the Appeals Council instructed the ALJ to give further consideration to Drs. Bongolan, Joseph, and Burchette's assessments and to explain the weight each opinion merited. (R. 556). The Appeals Council also stated that, "*as appropriate*, the ALJ *may* request these sources to provide additional evidence and/or further clarification of the opinions and medical source statements about what the claimant can still do despite [his] impairments." *Id.* (emphasis supplied). As the highlighted language makes clear, the Appeals Council's remand order afforded the ALJ the discretion to re-contact Drs. Bongolan, Joseph, and Burchette.

In any event, the Plaintiff fails to establish that the ALJ's election not to re-contact these doctors—whether required or not—prejudiced the Plaintiff. Absent such a showing, the Plaintiff's request that the case be remanded for further development of

---

[5] *E.g., Johnson v. Barnhart*, 138 F. App'x 266, 270-71 (11th Cir. 2005) (explaining that under prior version of regulations, ALJ will re-contact treating physician when the evidence presented is inadequate to determine whether claimant is disabled); *Norman v. Apfel*, 100 F. Supp. 2d 1352, 1353 (N.D. Ga. 2000) (quoting from 20 C.F.R. § 416.912(f)).

the record on this matter fails. *Graham*, 129 F.3d at 1423 ("[T]here must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record.") (citation omitted).

B.

The Plaintiff's second contention that the ALJ did not adequately evaluate the opinions of Drs. Bongolan, Joseph, and Burchette (Doc. 17 at 7) is readily disposed of. The Plaintiff begins his argument by conceding that the ALJ addressed this evidence "to some extent," but then summarily states that the ALJ attempted to support his evaluation of Drs. Bongolan and Burchette's opinions by characterizing them as "outliers." *Id.* The Plaintiff, however, does not attempt to develop this argument and instead pivots to evidence concerning the three other medical providers at issue, Gemmi, Fadda and Underwood. *Id.* Because the Plaintiff fails to demonstrate that the ALJ's evaluation of the opinions of Drs. Bongolan, Joseph, and Burchette was deficient, the Court need not address the matter further.[6] *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (citations omitted) (refusing to address party's "perfunctory and underdeveloped" argument); *Flanigan's Enterprises, Inc. of Ga. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (finding party's failure to elaborate on or provide authority supporting allegation raised amounts to

---

[6] That said, the Court agrees with the Commissioner that the ALJ met the requirements of the Appeals Council's remand order by giving further consideration and assigning weight to each of these physicians' opinions. (Doc. 17 at 11-12).

9

waiver of argument on that issue) (citations omitted), *superseded by statute on other grounds as noted in Buehrle v. City of Key West*, 813 F.3d 973, 980 n.3 (11th Cir. 2015).

C.

The Plaintiff's final contention that the ALJ did not satisfy his duty to develop the record because he failed to re-contact PA Gemmi as well as Drs. Fadda and Underwood likewise fails. (Doc. 17 at 7-8).

In his decision, the ALJ discussed and assigned weight to the opinion of each of these medical sources. (R. 476). He afforded the opinions of PA Gemmi and Dr. Fadda limited or little weight primarily because certain limitations or restrictions they urged were not well defined or sufficiently specific. *Id.* He also reasoned that PA Gemmi treated the Plaintiff on only one occasion. *Id.*

The ALJ similarly declined to give Dr. Underwood's opinions any weight, noting that the doctor's assessment that the Plaintiff was totally incapacitated was inaccurate, failed to provide functional restrictions, extended for only a two-month period, and trenched upon a determination reserved for the Commissioner. *Id.* The ALJ further noted that Dr. Underwood employed terms that were neither well defined nor helpful in assessing the Plaintiff's RFC, and that certain physical deficits Dr. Underwood observed reportedly improved after the doctor's opinion was issued. *Id.*

Notwithstanding the shortcomings the ALJ perceived within these opinions, the ALJ detailed his assessment of the Plaintiff's subjective allegations of disability; the objective medical evidence of record, which included MRIs of the Plaintiff's spine taken in 2009 and 2014 and medical treatment records from a host of providers from

2009 through 2017; and the opinions of a reviewing state agency physician. (R. 473-76).

The Plaintiff fails to demonstrate that this evidence did not provide a sufficient record for the ALJ to reach an informed resolution of his disability claim, thereby requiring him to re-contact P.A. Gemmi, Dr. Fadda, and Dr. Underwood. As a result, his request that the matter be remanded to allow the ALJ to solicit additional information from these medical sources is without merit. *See, e.g., Couch v. Astrue*, 267 F. App'x 853, 855-56 (11th Cir. 2008) (discerning no need to re-contact medical source for clarification of reasons underlying his disability opinion where record contained that source's treatment notes and records, evaluations from other physicians, and reports of claimant's daily activities); *Thomas v. Comm'r of Soc. Sec.*, 2018 WL 948485, at *6 (M.D. Fla. Feb. 20, 2018) (rejecting argument that ALJ erred in failing to contact doctor regarding his meaning of the term "moderate" where the ALJ's findings were otherwise based on ample record evidence).

The case authority the Plaintiff cites does not alter the Court's analysis. Unlike here, the ALJs in those cases erred in their development of the record because they overlooked evidence that was incomplete or inconsistent with other evidence in the record. *See, e.g., Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 12769-70 (11th Cir. 2015) (finding ALJ failed to develop the record related to claimant's vision limitations where ALJ noted that plaintiff had a diagnosed vision impairment as well as impending eye surgery but did not address whether surgery occurred or the various functional implications arising from this fact); *Davis v. Barnhart*, 405 F. Supp. 2d 1355, 1357-58

(N.D. Ala. 2005) (requiring remand for clarification of incomprehensible note from consultative physician that appeared to be the lone source of medical opinion evidence of record); *Carril v. Barnhart*, 201 F. Supp. 2d 1190 (N.D. Ala. 2002) (reversing for reconsideration of plaintiff's depression where ALJ rejected the only evidence from a mental health professional opining that plaintiff suffered from severe mental impairment in favor of ALJ's own determination that plaintiff had no mental impairment).

IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

DONE and ORDERED in Tampa, Florida, this 26th day of August 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record